991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph M. ARBING and James E. Klinkhammer, Plaintiffs-Appellants,
v.
Thomas PAGE and Linda Hoffman, Defendants-Appellees.
 No. 92-1312.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.*
Decided March 8, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Joseph Arbing and James Klinkhammer,[1] wards of the Illinois Department of Corrections, brought a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials violated their constitutional rights when mail received from the clerk of courts was opened outside of the presence of the inmates. The district court granted summary judgment to the defendants. We affirm.
 
 
 2
 We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences therefrom. Pardo v. Hosier, 946 F.2d 1278, 1280 (7th Cir.1991). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).
 
 
 3
 Arbing claims that Illinois Department of Corrections employees opened mail sent to him by the clerk of the courts in violation of his constitutional rights. As an inmate, Arbing is subject to the Department's regulations covering the handling of incoming and outgoing mail. These regulations distinguish between privileged and non-privileged mail. Among other types of mail, Rule 525.110(d) defines privileged mail to include "legal mail." Under the regulations in effect at the time of the alleged violation, incoming mail from the clerk of any court was not included as "legal mail" and hence, not privileged mail.[2] ILL.ADMIN.CODE tit. 20, § 525.110(e) (1991); see also ILL.ADMIN.CODE tit. 20, § 525.110(e) (Supp.1988) (relevant portion identical to current rule). As non-privileged, mail from court clerks is subject to being opened for inspection as is all non-privileged mail. ILL.ADMIN.CODE tit. 20 § 525.140(d), (g) & 525.130(h); see also Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir.1986) (Illinois Department of Correction's regulations allowing non-privileged mail to be inspected have been found not to impermissibly intrude on first amendment rights). Arbing asserts that the issue of whether the current Department regulation is constitutional presents a disputed issue precluding summary judgment.
 
 
 4
 The First Amendment right to free speech as well as the right of access to courts affords a prisoner a limited constitutional right to be free from certain interference with mail correspondence with the courts. See Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 1881 (1989) (regulation of incoming publication); Turner v. Safley, 482 U.S. 78, 89 (1987) (regulating incoming personal correspondence from prisoners); Bounds v. Smith, 430 U.S. 817, 824 (1977) (prisoner due process right of access to courts); Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974) (mail from attorney considered privileged). Regulations placing restrictions on mail coming into prisons will be upheld as constitutional if they are "reasonably related to legitimate penological interests." Thornburgh, 490 U.S. at 413 (adopting the reasonableness standard articulated in Turner, 482 U.S. at 89). In regulating the balance between the government's legitimate interest in prison order and security and the prisoner's constitutional rights, prison officials are due considerable deference. Id. at 407; Procunier v. Martinez, 416 U.S. 396, 404-05 (1974).
 
 
 5
 In granting the defendant's summary judgment, the district court relied on this court's decision in Martin v. Brewer, 830 F.2d 76, 78 (7th Cir.1987). In Martin, we rejected a challenge to an analogous federal regulation restricting incoming mail from courts, reasoning that:
 
 
 6
 with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.
 
 
 7
 830 F.2d at 78. We agree that this rationale is equally applicable to the Department regulation at issue, and hold that inmate rights are not violated when official court mail is opened outside the presence of the inmate-recipient. See Stone-El v. Fairman, 785 F.Supp. 711, 715-16 (N.D.Ill.1991) (applying the rationale of Martin to incoming mail from court clerks). Accordingly, summary judgment was properly granted to the defendants.
 
 
 8
 With respect to the other claims raised, Arbing's failure to include these arguments in his objections to the magistrate's report and recommendation bars him from raising these issues on appeal.[3] Lockert v. Faulkner, 843 F.2d 1015, 1017-18 (7th Cir.1988); see Thomas v. Arn, 474 U.S. 140, 148 (1985).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Klinkhammer waived his right to appeal the district court's judgment to this court by his failure to object to the magistrate's report and recommendation. Lockert v. Faulkner, 843 F.2d 1015, 1017 (7th Cir.1988); Video Views, Inc. v. Studio 21, Ltd., 797 f.2d 538, 539 (7th Cir.1986)
 
 
 [2]
 In 1985, Department of Correction's regulations did define mail from court clerks as privileged. ILL.ADMIN.CODE tit. 20, § 525.110 (1985). In Gaines v. Lane, 790 F.2d 1299 (7th Cir.1986), this court affirmed the constitutionality of this regulation. We have not since Gaines ruled on the constitutionality of the current regulations, under which mail from clerks of courts is no longer privileged mail
 
 
 [3]
 Arbing did file an objection to the magistrate judge's failure to consider Arbing's motion for summary judgment. After conducting a de novo review, the district court denied plaintiff's motion. (Order, Oct. 25, 1990). In affirming the grant of summary judgment to the defendant's, we affirm the denial of the plaintiff's motion